E-FILED
Wednesday, 25 January, 2012  12:24:10 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JUAN MCGEE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 11-CV-3413 |
| | ) | |
| FORREST ASHBY, GREGG SCOTT, | ) | |
| MICHAEL BEDNARZ, HUGHES | ) | |
| LOCHARD, D. LOWE-WALKER, | ) | |
| KRIS RHOADES, CURLESS SHULZ, | ) | |
| MARIE DURANT, BRYANT | ) | |
| D. MAYES, and KATRINA PARKER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claim that his breakfast is served too long after his injection of insulin for his diabetes.

The "privilege to proceed without posting security for costs and fees

1

is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544

(2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"  Id., *quoting* <u>Bell Atlantic</u>, 550 U.S. at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), *citing* <u>Bell Atlantic</u>, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff is diabetic.  Diabetic residents at Rushville Treatment and Detention Center receive their morning insulin at 6:00 a.m. and do not receive their breakfast until 7:30 a.m. or later.  Plaintiff receives 65 units of insulin around 6:00 a.m., along with a small package of graham crackers.

3

Plaintiff alleges that diabetics should eat no later than 10-15 minutes after receiving insulin, or, at the very latest, 30 minutes later. He further alleges that failure to eat within this time period could cause dangerous hypoglycemia, as well as "stomach cramps, migraine headaches, chest pains, body pain and very dry mouth, and other body complications."  (Complaint, p. 6).

Plaintiff alleges that he must wait 1 ½ hours after taking his insulin to receive breakfast, sometimes longer.  This delay has allegedly caused him to suffer "shakiness, nervousness, sweating, chills, clamminess, rapid heartbeat, trouble concentrating, headache, dizziness, lightheadedness, moodiness, clumsiness, extreme hunger, and . . . irritability." (Complaint, p. 7).  Plaintiff allegedly contacted Defendants Ashby, Scott, Bednarz, Lochard, and Lowe-Walker to fix this situation, to no avail.

In a separate incident, on one occasion Defendant Rhoades allegedly intentionally put Plaintiff's open syringe on a chair before administering Plaintiff's insulin to him.  The chair had just been vacated by another resident who had passed gas while sitting on the chair.

Also separately, Defendant Shulz tried to give Plaintiff the wrong dose of insulin on three different occasions in August and September of 2011. Defendants Durant, Mayes, and Parker were present when this occurred.

## ANALYSIS

Plaintiff states an arguable constitutional claim for deliberate indifference to a serious medical need for his insulin to be timed more closely with the serving of breakfast. A serious medical need arises from Plaintiff's own description of his symptoms and the alleged danger of hypoglycemia. A plausible inference of deliberate indifference arises against Defendants Ashby, Scott, Bednarz, Lochard, and Lowe-Walker. Some of these Defendants likely had no authority to change the procedure, but that determination is premature without a more developed record.

Plaintiff may also state a plausible claim against Defendant Shulz for attempting to give him the wrong medicine. Though negligence is not actionable under the U.S. Constitution, McGowan v. Hulick, 612 F.3d

636, 640 (7th Cir. 2010), the record is too undeveloped to determine whether Defendant Shulz' alleged actions were merely negligent or deliberately indifferent.  However, no plausible claim arises against Durant, Mayes, Parker, who were only witnesses to these incidents.

Plaintiff may also state a plausible claim against Defendant Rhoades for intentionally placing Plaintiff's open syringe on an allegedly unclean chair.  As with the claim against Defendant Shulz, it would be premature to determine whether the alleged action was negligent or deliberately indifferent, or whether the action placed Plaintiff at a substantial risk of harm.

IT IS THEREFORE ORDERED:

1) The hearing scheduled for January 30, 2012, is cancelled.  The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2)  Pursuant to its review of the Complaint, the Court finds that Plaintiff states a federal constitutional claims arising from: 1) the delay between the administration of his morning insulin and the serving of his

breakfast; 2) the intentional placement of Plaintiff's syringe on an unclean surface; and 3) the attempts to give Plaintiff the wrong dosage of insulin.  Accordingly, Plaintiff's petition to proceed in forma pauperis is granted on these claims (d/e 2).  Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Defendants Durant, Mayes, and Parker are dismissed for failure to state a claim against them.

4)  This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

5)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

ENTERED:        January 25, 2012

FOR THE COURT:

                              s/Sue E. Myerscough
                        SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE