E-FILED
Tuesday, 07 January, 2014  01:44:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3413 |
| | ) | |
| FORREST ASHBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Plaintiff, proceeding pro se from his civil detention in the Rushville Treatment and Detention Center, has insulin-dependent diabetes.  He alleges that the facility's practice of administering morning insulin 1 ½ hours or more before breakfast is served amounts to deliberate indifference to his serious medical need to eat breakfast within 30 minutes of receiving the insulin.  He also alleges that, out of spite, Nurse Rhoades once placed Plaintiff's insulin syringe on a chair on which another resident had just been sitting and had passed gas.  Lastly, Plaintiff alleges that Nurse Shulz tried to give Plaintiff the wrong insulin dosage three times.

Defendants move for summary judgment.  For purposes of this order, the Court views the evidence in the light most favorable to

Plaintiff, resolving material factual disputes in Plaintiff's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

After reviewing the parties' submissions, the Court concludes that Plaintiff's claims against Nurse Rhoades and Nurse Shulz cannot survive summary judgment no matter how favorable a light is shone in Plaintiff's favor.

As for the claim against Nurse Shulz, the record shows that Nurse Shulz' mistakenly gave Plaintiff a syringe with a different resident's name on it three times, in August and September of 2011. (Complaint, p. 12, d/e 1.) Plaintiff did not take the insulin, informed security of the problem, and then received the correct syringe bearing Plaintiff's name. (Pl.'s Dep. p. 47, d/e 38-7.)

Nurse Shulz may have been negligent in handing Plaintiff the wrong syringe, but negligence does not violate the Constitution. Zentmyer v. Kendall County, 220 F.3d 805 (7th Cir. 2000)("[D]eliberate indifference is an onerous standard for the plaintiff, and forgetting doses of medicine, however incompetent, is not enough to meet it here.") In order to survive summary judgment, Plaintiff must have evidence that Nurse Shulz consciously disregarded a known and substantial risk of serious harm to

2

Plaintiff.  <u>Rice ex rel. Rice v. Correctional Medical Serv.</u>, 675 F.3d
650, 665 (7th Cir. 2012)("An official is deliberately indifferent when
he is subjectively aware of the condition or danger complained of,
but consciously disregards it.").  A mistake is not a conscious
disregard.

As for the claim against Nurse Rhoades, on one occasion
Plaintiff refused to take a syringe from Rhoades' hand because
Plaintiff did not trust Rhoades.  (Pl.'s Dep. p. 67-68.)  Plaintiff
instructed Rhoades to put the syringe down on a surface,
whereupon, after some verbal exchanges, Rhoades placed the
syringe on a chair.  <u>Id.</u>  According to Plaintiff, the chair had recently
been vacated by a resident who had passed gas, though the parties
dispute whether Rhoades knew this.  The parties do not dispute that
the cap was still on the syringe when it was placed on the chair.
(Pl.'s Dep. p. 71).

Plaintiff has no evidence that Nurse Rhoades exposed Plaintiff
to any risk, much less to an unacceptable risk.  Plaintiff was upset
at what he perceived was a poor attitude and unprofessional
behavior, (Pl.'s Dep. p. 64), but unprofessional behavior alone does
not rise to the level of a Constitutional violation.  <u>Hughes v. Joliet</u>

3

Correctional Center, 931 F.2d 425, 429 (7th Cir. 1991)("crass and
unprofessional behavior" alone does not violate Constitution).  No
juror could find for Plaintiff on this claim because no constitutional
violation occurred.

That leaves Plaintiff's primary claim about the 1½ hour lag
between the administration of Plaintiff's morning insulin and the
serving of breakfast.  Under the current policy, insulin-dependent
residents visit the health care unit from 6:00 to 6:40 each morning
for a blood sugar test and insulin.  Each resident receiving insulin
also receives a small packet of graham crackers and then returns to
his unit, where breakfast trays are distributed around 7:30 a.m. or
later.[1]  This procedure enables the efficient administration of blood
sugar checks and insulin before the morning count at 6:40 a.m.
(Bednarz Aff. ¶ 8, d/e 37-2.)

Plaintiff contends that the Americans with Diabetes Association
guidelines recommend that insulin be administered as close to the
meal as possible, and in all events no sooner than 30 minutes before

---

[1] Defendants assert that breakfast is served at 7:00 a.m., but Plaintiff maintains that he does
not actually receive his breakfast until 7:30 or later.

4

the meal.[2]  Plaintiff alleges that he frequently suffers stomach pains, cramps, migraines, dizziness, shakiness, extreme hunger, body aches, and other painful symptoms after receiving the morning insulin on an empty stomach.  (Pl.'s Dep. pp. 18, 29, d/e 38-7; Complaint p. 7.)  According to Plaintiff, the small package of graham crackers does not alleviate these symptoms nor reduce the risk that he may suffer a hypoglycemic episode.  Plaintiff does not have the same problem with the nighttime insulin because he is able to save part of his lunch to eat later, when he receives his second shot of insulin around 4:00 p.m.  (Pl.'s Dep. pp. 19-20).

As a civil detainee, Plaintiff's constitutional protection to adequate medical care arises from the Fourteenth Amendment. Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008).  However, the legal standard for liability is the same as the Eighth Amendment standard which governs claims by convicted inmates.  Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 n.2 (7th Cir. 2010).  For both detainees and inmates, the Constitution prohibits only deliberate indifference to objectively serious medical needs.

---

[2]Actually, the American with Diabetes Association website states that the proper lag time depends on the type of insulin administered.  www.diabetes.org, "Ask the Expert Archives:  How long should I wait after taking my insulin?" (last visited 12/31/13).

<u>Williams v. Rodriguez</u>, 509 F.3d 392, 401 (7th Cir. 2007).  Deliberate

indifference can be inferred if a medical professional's decisions are

"'such a substantial departure from accepted professional judgment,

practice, or standards, as to demonstrate that the person

responsible actually did not base the decision on such a judgment.'"

<u>Sain</u>, 512 F.3d at 895.

 Defendants concede that Plaintiff's diabetes is a serious

medical need, but they argue that Plaintiff has not been harmed by

their procedure, which is within their professional discretion to

implement.  However, Dr. Bednarz' affidavit does not address the

medical risks or effects of the time lag between the insulin and

breakfast, such as possible hypoglycemia.  Perhaps no medical

concerns exist, but that would be an assumption on this record.

Defendants also do not address whether Plaintiff's professed

physical symptoms are related to the time lag or whether the

graham crackers provided are sufficient to alleviate those symptoms

and any potential medical risk. In short, Defendants' evidence

justifies the practice on logistics grounds but does not address

whether the practice is within the bounds of accepted medical

standards.

On the other hand, Plaintiff does not dispute that he is allowed
to keep food in his room and that he does keep food in his room
such as crackers and noodles.  (Pl.'s Dep. p. 20).  Plaintiff does not
explain why he does not simply eat some of his other food if
breakfast is not served soon enough after his insulin shot.  If
Plaintiff does have other food he can eat while he waits for breakfast,
drawing an inference of deliberate indifference seems a stretch too
far.

In sum, the Court cannot tell if a material disputed fact exists
for a jury.  Defendants Dr. Bednarz, Nurse Walker, and Dr. Lochard
will be given an opportunity to file a supplemental summary
judgment motion on this remaining claim.

What is clear is that Defendants Ashby, Scott, Rhoades, and
Shulz cannot be liable on this remaining claim.  Plaintiff does not
dispute that the insulin administration procedures were put in place
by Dr. Bednarz, Dr. Lochard, and Nurse Walker.  (Bednarz Aff. ¶ 8,
d/e 37-2.)  Ashby and Scott are the former and current directors of
the facility, both laypersons entitled to rely on the professional
medical judgment of the medical staff as to whether the policy is
medically acceptable. *See* Greeno v. Daley, 414 F.3d 645, 656 (7th

7

Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")  Nurse Shulz and Nurse Rhoades have medical training, but no authority over the timing of insulin administration; Shulz and Rhoades cannot be liable for policies implemented by others.  Defendants Ashby, Scott, Rhoades and Shulz will therefore be dismissed.

**IT IS ORDERED:**

1. Defendants' motions for summary judgment are granted in part and denied in part (d/e's 36, 38) as follows:

    a. Summary judgment is granted to Defendants on Plaintiff's claims arising from Nurse Rhoades' placement of Plaintiff's syringe on a chair and Nurse Shulz' giving the wrong syringe to Plaintiff.

    b. Summary judgment is granted to Defendants Ashby, Scott, Rhoades, and Shulz on Plaintiff's claim arising from the time lag between the administration of morning insulin and the serving of breakfast.

    c. Summary judgment is denied to Defendants Bednarz, Lochard, and Walker on Plaintiff's claim arising from the

8

time lag between the administration of morning insulin and the serving of breakfast.

2. The clerk is directed to terminate Defendants Ashby, Scott, Rhoades, and Shulz.  Judgment will be entered in their favor at the close of this case.

3. Defendants Bednarz, Lochard, and Walker are directed to file a supplemental motion for summary judgment by February 14, 2014.

ENTER:   January 7, 2014

FOR THE COURT:

**s/Colin Stirling Bruce**
COLIN STIRLING BRUCE
UNITED STATES DISTRICT JUDGE

9