IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUAN MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3413 |
| | ) | |
| FORREST ASHBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Plaintiff, proceeding pro se from his civil detention in the Rushville Treatment and Detention Center, has insulin-dependent diabetes. On January 7, 2014, summary judgment was granted to Defendants except as to Defendants Bednarz, Lochard, and Walker on Plaintiff's challenge to the facility's practice of administering morning insulin 1 ½ hours or more before breakfast is served. (d/e 45.) The Court assumes familiarity with that order.

Defendants were directed to file a supplemental summary judgment motions on this remaining claim, which are now before the Court.

Plaintiff claims that the morning insulin is administered too long before breakfast is served, causing him to experience symptoms

of hypoglycemia.  However, Dr. Bednarz avers that, "the snacks provided in the health care unit at the time of insulin line[1] contain more than enough glucose to prevent an episode of hypoglycemia." (Bednarz Aff. para. 1.)  Dr. Bednarz further maintains that "[t]he provision of morning insulin at the Rushville TDF is within the guidelines of acceptable medical standards."  (Bednarz Aff. para. 3.) Dr. Lochard echoes this conclusion, averring that, "[i]t is my opinion, to a reasonable degree of medical certainty that the time between the insulin shot and breakfast is not significant enough to result in any serious medical conditions in an inmate and would not result in injuries."  (Lochard Aff. para. 10.)  Both doctors further aver that, if a resident feels that the graham crackers provided after the morning shot is not enough, then the resident may supplement with food the resident has in his room.

Plaintiff's only evidence to dispute that the graham crackers are insufficient to stave off hypoglycemia is Plaintiff's testimony that he has suffered from symptoms consistent with hypoglycemia after receiving his morning shot.  The Court accepts at this stage that Plaintiff has experienced those symptoms, but that is not enough to

_____

[1] A small pack of graham crackers.

dispute the opinions of Dr. Bednarz and Dr. Lochard that the graham crackers have more than enough glucose to prevent hypoglycemia and that the facility's morning insulin administration procedure is medically acceptable. Additionally, Plaintiff does not dispute these doctors' understanding that Plaintiff would have access to other food in his room if Plaintiff feels the graham crackers are insufficient. Plaintiff does not say whether he keeps, or could keep, other food in his room to supplement the graham crackers in the morning. In short, on this record, no juror could find that the morning insulin administration procedure presents a substantial risk of serious harm to Plaintiff or that Defendants were deliberately indifferent to Plaintiff's need for food after the morning insulin shot.

Plaintiff asserts that sometimes the crackers are not given after the morning shot. But no evidence suggests that any of these Defendants were aware of or responsible for these lapses. The only claim remaining in this case is whether the administration of an insulin shot between 6:00 and 6:40 a.m., along with the provision of a small pack of graham crackers at the time of the shot, followed by the serving of breakfast between 7:30-8:00 a.m. amounts to

deliberate indifference to a substantial risk of serious harm to Plaintiff.  No rational juror could find that it does.

**IT IS ORDERED:**

1. Defendants' supplement motions for summary judgment are granted (47, 50).  The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.

2. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal.  See Fed. R. App. P. 24(a)(1)(c).

ENTER:  August 13, 2014

FOR THE COURT:


**s/Colin Stirling Bruce**
COLIN STIRLING BRUCE
UNITED STATES DISTRICT JUDGE